IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

AUG 2 7 2008

CLERK, US DISTRICT COURT
NORFOLK, VA

**UNITED STATES OF AMERICA**

v.  Criminal Action No. 2:01cr233

**DALE MCCOURTNEY HODGE,**

Petitioner.

## ORDER AND OPINION

This matter is before the Court on Petitioner Dale McCourtney Hodge's ("Petitioner") motion pursuant to Title 18, United States Code, Section 3582(c)(2) to reduce his sentence based on the recent amendments to the United States Sentencing Guidelines regarding cocaine base offenses ("Crack Cocaine Amendment"). Doc. 49. For the reasons explained below, Petitioner's motion is **GRANTED** and Petitioner's sentence on Count 2 is reduced to two hundred sixty-two (262) months' imprisonment. Petitioner's sentence on Count 1 remains unchanged.

### I. PROCEDURAL HISTORY

#### A. The Section 3582(c)(2) Motion

On April 28, 2008, Petitioner filed a motion pursuant to 18 U.S.C. § 3582(c)(2) seeking a modification of his sentence pursuant to the Crack Cocaine Amendment. Doc. 49. On May 12, 2008, the Court ordered the United States Attorney and the United States Probation Office to determine whether Petitioner was eligible for a reduction. Doc. 50. The Probation Office's

response concluded that Petitioner was eligible for a reduction under the Crack Cocaine Amendment. The United States filed preliminary response on June 12, 2008 (Doc. 51) and a supplemental response on July 14, 2008 (Doc. 52). In its supplemental response, the Government agreed that Petitioner was eligible for a reduction under the Crack Cocaine Amendment, but opposed such a reduction on the grounds of public safety. Doc. 52 at 1. The Government pointed to the facts of Petitioner's original offense as well as Petitioner's criminal history as reasons why Petitioner poses a threat to public safety. See Doc. 52 at 11.

### B. The Criminal Case

On February 21, 2002, a jury found Petitioner guilty of Count 1, Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and Count 2, Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii). Doc. 18.

The Court sentenced Petitioner on May 14, 2002. Petitioner's criminal history category was IV. Petitioner's base offense level was thirty-four (34), based on the amount of drugs he was attributed with under Count 2. Petitioner received a two (2) level enhancement for the possession of a firearm and a two (2) level enhancement for the obstruction of justice, bringing his total offense level to thirty-eight (38). This resulted in a guideline range of three hundred twenty-four (324) to four hundred five (405) months' imprisonment. Petitioner also faced a mandatory ten (10) year minimum sentence for Count 2. The Court sentenced Petitioner to a total of three hundred twenty-four (324) months' imprisonment. Doc. 24. This term of imprisonment consisted of three hundred twenty-four (324) months on Count 2 and one hundred twenty (120) months on Count 1, to be served concurrently. Id.

## II. ANALYSIS

Generally, the Crack Cocaine Amendment retroactively reduces by two (2) levels the offense level for cocaine base offenses. Here, both the Government and the Probation Office agree that Petitioner is eligible for a sentence reduction under the Crack Cocaine Amendment. However, the Government argues that the Court should not reduce Petitioner's sentence, despite his eligibility for a reduction, because of the facts of Petitioner's offense and his criminal history. Doc. 52 at 11. The Government argues that Petitioner was involved in "an extensive and well organized interstate cocaine and crack cocaine distribution conspiracy" and was responsible for "armed and aggressive actions, including vehicle assault on [a police] officer." Id. The Government also points to Petitioner's frequent use of false identities and possession of weapons. Id. at 1. The Government states that these facts along with Petitioner's "violent criminal history establish that [Petitioner] is a risk to public safety and should not receive the benefit of an earlier release." Id. at 11.

While Petitioner is eligible for a reduction under the Crack Cocaine Amendment, such a reduction is not automatic. A district court's authority to grant a reduction based upon a guideline range that has been subsequently lowered is entirely discretionary. See United States v. Legree, 205 F.3d 724, 727 (4th Cir. 2000). When considering whether to grant such a reduction, the Court may consider factors such as the nature of the offense and the need for the sentence imposed to protect the public from future crimes by the defendant. See 18 U.S.C. § 3582(c)(2); 18 U.S.C. § 3553(a).

The Government's opposition to Petitioner's reduction is based entirely on facts known

to the Court at the time of Petitioner's conviction and sentencing. As to the facts involved in Petitioner's offense, the Court received a detailed description of Petitioner's involvement in the offense as part of Petitioner's pre-sentence investigation report. The Government claims that the defendant was responsible for amounts of drugs that "far exceeded the amounts directly proven at trial and in sentencing." The Court, however, will not consider drug amounts that were not attributed to Petitioner as part of his original conviction and sentencing. In addition, the Court gave Petitioner a two (2) point obstruction of justice enhancement for his vehicular assault on a police officer, the only specific violent incident mentioned in the Government's brief. The Court was also aware, through the pre-sentence investigation report, of Petitioner's extensive use of fraudulent identity documents and aliases. The Court also gave Petitioner a two (2) point enhancement to reflect his possession of firearms. As to Petitioner's criminal history, the Court recognizes that Petitioner has a number of prior convictions, some of which were violent. However, the Court considered the nature and extent of Petitioner's criminal history when he was originally sentenced.

Because the Court already considered the facts of Petitioner's offense and the application of Petitioner's criminal history to his term of incarceration within the applicable guideline range, the Court will not now sentence Petitioner to a term of incarceration that is significantly higher than his reduced guideline range. Further, the Government has not provided any information regarding Petitioner's behavior since his incarceration indicating that he would be more of a public safety risk upon his release than he was at his original sentencing. In fact, information received by the Court from the Bureau of Prisons indicates that Petitioner has received no disciplinary infractions during his time in prison. On the contrary, the Bureau of Prisons reports

that Petitioner has received good work reports on a consistent basis and has completed several educational programs, including receiving his G.E.D.

For these reasons, Petitioner's motion is **GRANTED**. The Court will impose a sentence on Count 2 that is within the amended guideline range. The reduced sentence will bear the same proportion to the reduced guidelines that Petitioner's original sentence had to the original guidelines. Petitioner's total offense level was thirty-eight (38). Petitioner's criminal history category was IV, which resulted in a guideline range of three hundred twenty-four (324) to four hundred five (405) months' imprisonment. Petitioner was sentenced to three hundred twenty-four (324) months' imprisonment on Count 2, to run concurrently with a one hundred twenty (120) month sentence on Count 1. Under the Crack Cocaine Amendment, Petitioner's offense level is reduced to thirty-six (36), resulting in an amended guideline range of two hundred sixty-two (262) to three hundred twenty-seven (327) months' imprisonment. Accordingly, Petitioner's term of imprisonment on Count 2 is **REDUCED** to two hundred sixty-two months' imprisonment, to be served concurrently with his one hundred twenty (120) month sentence on Count 1.

## IV. CONCLUSION

Petitioner's motion is **GRANTED**. Petitioner's total term of imprisonment is **REDUCED** to two hundred sixty-two (262) months.

The Clerk is **REQUESTED** to send a copy of this Order to Petitioner, to counsel for Petitioner, to the United States Attorney, and to the United States Probation Office.

It is so **ORDERED**.

_____/s/_____
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 23, 2008